STATE OF WEST VIRGINIA

*In re* **C.H.-1**

**No. 20-0437** (Kanawha County 19-JA-732)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.H.-2, by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's March 26, 2020, order terminating his parental rights to C.H.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer R. Victor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against C.H.-1's parents in December of 2019. The DHHR alleged that the parents abused drugs and left the child unsupervised. The DHHR also alleged that the home lacked water and electricity. Previously, Child Protective Services ("CPS") opened a case with petitioner in March of 2019 and implemented services such as individualized parenting classes, adult life skills classes, random drug screens, and supervision assistance. However, petitioner failed to remedy the concerns raised by CPS and submitted to only

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as C.H.-1 and C.H.-2, respectively, throughout this memorandum decision.

[2]Petitioner does not assign as error the termination of his parental rights to the child.

one drug screen. Given his minimal progress with the services provided, the DHHR filed the instant petition, alleging that petitioner lacked the motivation to improve his parenting skills, lacked the maturity necessary to parent a child, and was not sufficiently motivated to provide for the needs of the child on an ongoing basis.

Later in December of 2019, the circuit court held a preliminary hearing. Petitioner failed to attend but was represented by counsel. The circuit court found that there was probable cause to believe the child was abused and neglected. The circuit court ordered the DHHR to provide remedial and reunification services to petitioner, including random drug screens, adult life skills and parenting classes, and supervised visits with the child contingent on his ability to submit negative drug screens.

The circuit court held an adjudicatory hearing in January of 2020. Petitioner failed to appear but was represented by counsel. The mother testified that she observed petitioner abuse alcohol and drugs and opined that he had a substance abuse problem that affected his ability to parent the child. In its adjudicatory order, the circuit court found that petitioner had a substance abuse problem, which negatively affected his ability to parent the child. As such, the circuit court adjudicated petitioner as an abusing parent and continued services.

In February of 2020, the circuit court held a dispositional hearing. Petitioner once again failed to appear but was represented by counsel. By order entered on March 26, 2020, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. In support of its decision, the circuit court noted that petitioner refused to cooperate with services, refused to maintain contact with service providers or the DHHR, and refused to attend any hearings or multidisciplinary team ("MDT") meetings in the matter. Accordingly, petitioner failed to benefit from services or remedy the conditions of abuse and neglect. Petitioner appeals the dispositional order terminating his parental rights to the child.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the

---

[3]The proceedings regarding the mother remain ongoing. The permanency plan for the child is reunification with the mother pending her successful completion of her improvement period. The concurrent permanency plan is adoption by another family member.

evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period. Petitioner claims that he was "more than willing" to participate in services such as adult life skills and parenting classes, random drug screens, and supervised visitation but "had issues maintaining a cellular device or telephone landline which caused issues in communication" with the DHHR. Petitioner asserts that improvement periods are opportunities to allow the parent to remedy existing problems and that he should have been granted one so that he could "show[] his dedication to the child."

At the outset we note that petitioner fails to cite to any portion of the record demonstrating that he requested, either orally or in writing, a post-adjudicatory improvement period. This Court has long held, "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

Nevertheless, even assuming that petitioner properly requested an improvement period, we find no error in the circuit court's refusal to grant the same. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements[.]"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (quoting W. Va. Code § 49-6-12(b)(2) (1996)).

Here, petitioner failed to demonstrate that he was likely to fully participate in a post-adjudicatory improvement period. Petitioner's claims that he would have participated in parenting and adult life skills classes, random drug screens, and supervised visitation are disingenuous given that he was provided these services during the proceedings below but completely failed to participate. While petitioner claims that he had issues with telephones, he cites to no portion of the record demonstrating that he in any way attempted to contact the DHHR by letter or in person to let them know or request help. Further, petitioner lived with the mother, who was present during the proceedings, yet at no point appeared with her. Rather, petitioner simply absented himself from the proceedings entirely. He failed to attend a single hearing or MDT meeting. Based on this evidence, it is clear that the circuit court did not err in denying petitioner an improvement period.

Lastly, because the proceedings regarding the mother remain ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

3

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 26, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4